# In the United States Court of Appeals for the Seventh Circuit

## No. 25-2441

INTERNATIONAL STAR REGISTRY OF ILLINOIS, LTD.,

PLAINTIFF – APPELLEE

V.

DAN DEE INTERNATIONAL, LLC,

DEFENDANT – APPELLANT

On Appeal from the U.S. District Court
for the Northern District of Illinois

## REPLY BRIEF FOR DEFENDANT-APPELLANT DAN DEE INTERNATIONAL

Rex W. Manning
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000

John P. Del Monaco
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

Sean T.H. Dutton
KIENBAUM HARDY
VIVIANO PELTON & FORREST PLC
280 N. Old Woodward Ave.
Birmingham, MI 48009
Telephone: (248) 645-0000

Kelli M. Mulder
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000

*Counsel for Appellant*

March 24, 2026

**Oral Argument Requested**

**TABLE OF CONTENTS**

                                                                                  **Page**

TABLE OF AUTHORITIES.................................................................................ii

INTRODUCTION ...........................................................................................1

ARGUMENT...................................................................................................2

I.     International Star Registry Offers No Basis To Conclude
That The Single-Letter Difference In Websites Was
Anything But Immaterial To The Overall Settlement
Agreement.....................................................................................................2

CONCLUSION ...............................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*,
  961 F.3d 942 (7th Cir. 2020)......................................................................9

*CC Disposal, Inc. v. Veolia ES Valley View Landfill, Inc.*,
  406 Ill. App. 3d 783, 351 Ill. Dec. 641, 952 N.E.2d 14 (2010)......................11

*Daniels v. Hughes*,
  147 F.4th 777 (7th Cir. 2025)......................................................................5

*Dragon Constr., Inc. v. Parkway Bank & Tr.*,
  287 Ill. App. 3d 29, 222 Ill. Dec. 648, 678 N.E.2d 55 (1997)..........................8

*InsureOne Indep. Ins. Agency, LLC v. Hallberg*,
  2012 IL App (1st) 092385, 364 Ill. Dec. 451, 976 N.E.2d 1014 ...................5, 7

*Kruger v. Apfel*,
  214 F.3d 784 (7th Cir. 2000)......................................................................9

*Laserage Tech. Corp. v. Laserage Lab'ys, Inc.*,
  972 F.2d 799 (7th Cir. 1992)......................................................................4

*Prima Tek II, L.L.C. v. Klerk's Plastic Products*,
  525 F.3d 533 (7th Cir. 2008)......................................................................5

*Rubloff CB Machesney, LLC v. World Novelties, Inc.*,
  363 Ill. App. 3d 558, 300 Ill. Dec. 464, 844 N.E.2d 462 (2006).......... 9, 10, 11

*Spanish Court Two Condo. Ass'n v. Carlson*,
  2014 IL 115342, 382 Ill. Dec. 1, 12 N.E.3d 1......................................................5

## INTRODUCTION

A difference of a single letter, with no evidence that it matters, is not a material breach of contract. In exchange for a release of claims, Defendant Dan Dee International, LLC ("Dan Dee") paid Plaintiff International Star Registry of Illinois, Ltd. ("ISR") $140,000, assigned the WISH UPON A STAR trademark, and turned over files related to the parties' failed venture. The only thing Dan Dee could not deliver was the precise domain name written in the agreement—wishuponastargift.com—because, unbeknownst to Dan Dee, a third party had acquired it. So Dan Dee offered ISR the virtually identical, fully functional substitute it did own: wishuponastargift<u>s</u>.com. ISR refused to take over the domain, but it kept the money, kept the trademark, and sued Dan Dee a second time.

Now, as it did below, ISR attempts to justify its actions by calling Dan Dee's inability to transfer the singular version of the domain a material breach of the parties' settlement agreement. That is not the law. A breach is material only if it defeats the bargain or changes performance in substance. Nothing like that occurred. ISR identifies no evidence that consumers draw a meaningful distinction between "gift" and "gifts" in this context, or that the plural-domain substitute impairs ISR's ability to sell products or deliver

the promised star-naming experience. Dan Dee updated the QR codes and packaging artwork to correspond to the new website—and even offered to pay ISR's reasonable costs for any legacy hangtag and packaging updates—ensuring ISR would be more than whole. Yet ISR insists that it can use the one-letter URL discrepancy to wipe out the release of claims and keep litigating against Dan Dee (as ISR has tried to do), all while keeping the substantial consideration it did receive. The Court should reject such opportunism.

Because the one-letter domain variance did not defeat the settlement's purpose and was fully curable (and cured) in any event, the district court's order enforcing the parties' settlement agreement cannot stand. The Court should vacate and remand with instructions to deny the motion to enforce and dismiss the case.

## ARGUMENT

**I.** **International Star Registry Offers No Basis To Conclude That The Single-Letter Difference In Websites Was Anything But Immaterial To The Overall Settlement Agreement**

**A.** As Dan Dee explained in its Opening Brief ("Br."), any failure to transfer the exact wishuponastargift.com domain is an immaterial breach because it tendered the plural-domain substitute (wishuponastargifts.com),

and that single-letter difference does not satisfy Illinois's criteria for materiality. Br. at 20. Looking to the context of the parties' agreement, the core elements embedded in the settlement were to avoid costly litigation while permitting ISR to pursue the parties' failed commercial venture on its own. Br. at 20–21. Indeed, the settlement as a whole centered on transferring Dan Dee's intellectual property and attendant production components to allow ISR to monetize "WISH UPON A STAR," without regard to whether the corresponding URL said "gift" or "gifts." Br. at 21. And Dan Dee even offered to provide ISR *additional* money to cure any minor deficiencies in production components that would be affected by the change in the URL. Under the weight of the settlement agreement's focus and Dan Dee's offer to cover any added costs of using the substitute domain, ISR's case for a significant or material breach quickly collapses.

Beyond that general contractual context, all relevant factors for materiality under Illinois law also support Dan Dee. Br. at 22–26. There is no tangible or commercial difference between the singular and plural domain names, meaning receipt of either fully supports the future business use of the WISH UPON A STAR intellectual property. Br. at 22. Any incidental harm ISR might have suffered was readily curable because Dan Dee offered

to cover any associated expenses and updated the packaging, artwork, hangtags, and QR-code files so they work with wishuponastargifts.com, without any added effort by ISR. Br. at 22–23. Moreover, ISR's conduct since the claimed breach seeks to inflict a severe forfeiture by stripping Dan Dee of the settlement's principal benefit—the comprehensive legal release—as shown by ISR's filing of a follow-on federal suit reasserting licensing-era breaches that fall within that release. Br. at 23–25. And, finally, there was no breach of good faith here where the breach was a pure accident that Dan Dee promptly sought to correct. Br. at 25–26.

**B.** ISR's contrary arguments misunderstand the question on appeal, ignore the obvious core of the parties' settlement, and run headlong into blackletter Illinois law.

ISR is simply incorrect to claim that this Court's review is limited and requires significant deference to the district court's decision to enforce the parties' settlement agreement. Resp. at 6–7; *see id.* at 18. Because "[a] settlement agreement is a contract . . . , the construction *and enforcement* of settlement agreements are governed by principles of local law applicable to contracts generally." *Laserage Tech. Corp. v. Laserage Lab'ys, Inc.*, 972 F.2d 799, 802 (7th Cir. 1992) (emphasis added); *see also In re Motorola Sec. Litig.*, 644

F.3d 511, 517 (7th Cir. 2011). Thus, in determining whether enforcement of the agreement was proper, this Court is permitted (and, indeed, required) to determine whether there was a breach of the agreement that mandates enforcement. That analysis involves questions of law, which the Court reviews de novo. *Daniels v. Hughes*, 147 F.4th 777, 784 (7th Cir. 2025). And, as Dan Dee showed in its Opening Brief, under Illinois law the provision of a substitute domain name was not a material breach. Br. at 20–26.

ISR's claim that the settlement required transfer of a "specifically identified domain name," forbade "substitute performance," and could not be cured, Resp. at 7, 10–16; *see also id.* at 13, 15–16, simply assumes materiality. Under Illinois law, a breach warrants a remedy only if it is "so substantial and fundamental as to defeat the objects of the parties" or makes the remaining performance "different in substance from the original agreement"; materiality is assessed after breach. *InsureOne Indep. Ins. Agency, LLC v. Hallberg*, 2012 IL App (1st) 092385, ¶ 43, 364 Ill. Dec. 451, 976 N.E.2d 1014; *Prima Tek II, L.L.C. v. Klerk's Plastic Products*, 525 F.3d 533, 538 (7th Cir. 2008); *see Spanish Court Two Condo. Ass'n v. Carlson*, 2014 IL 115342, ¶ 28, 382 Ill. Dec. 1, 12 N.E.3d 1. Here, any breach was *de minimis* because ISR received

the benefit of its bargain, including $140,000 and all Wish Upon a Star intellectual property.

ISR's assertion that the website was "expressly negotiated and documented as material," Resp. at 7–8, 14–15, overstates the record and ignores Illinois's materiality analysis. Dan Dee does not dispute that ISR's receipt of the overall package of intellectual property, goods, and electronic materials was material. The Release and Settlement Agreement states that Dan Dee would "transfer[ ] and assign[ ] all right, title, and interest" in multiple assets, including "the domain, website content, URL, wishuponastargift.com, and associated QR Code." SA at 5. But the website was only one component of a larger bundle designed to ensure ISR could monetize the Wish Upon A Star mark in connection with its existing star-registry business. *See id.* The agreement "specifically identified" wishuponastargift.com only because both parties mistakenly believed Dan Dee owned that URL, not because the singular domain was uniquely important to the bargain. Accordingly, substituting wishuponastargift<u>s</u>.com did not "render[ ] performance of the rest of the contract different in substance from the original agreement." *Hallberg*, 2012 IL App (1st) 092385,

¶ 43. Because ISR can use the plural domain exactly as it would have used the singular one, the agreement's substance remains intact.

ISR essentially admits as much. In its brief, ISR explains that the core intent of the parties' settlement agreement "was a forward-looking commercial arrangement designed to rectify Appellant's prior actions and *enable ISR to relaunch and monetize the Wish Upon a Star product line.*" Resp. at 7 (emphasis added). That is what the wishuponastargift<u>s</u>.com website permits ISR to do. Even though ISR has benefited from its receipt of the lump-sum settlement funds, the complete intellectual property to the Wish Upon a Star brand, and a for-all-intents-and-purposes-identical URL to monetize that IP, ISR claims, with no support, that it cannot launch its product because of a single-letter difference in a generic website domain. That is unsupported by the record and contrary to Illinois contract law.

For similar reasons, it is irrelevant that the singular domain, not the plural domain, was "linked to Wish Upon A Star's existing packaging" and the like. Resp. 8–10. To ensure that ISR would be more than whole after the substitution of the domain, Dan Dee offered to cover the costs of converting the small volume of already-produced hang tags and packaging to coordinate with the new domain. SA at 12–13. Thus, these minor additional

costs could not support a claim of material breach when Dan Dee's offer places ISR in the same position it would have been in with the original URL.

Next, ISR misunderstands Dan Dee's arguments regarding ISR's filing of a follow-on lawsuit. *See* Resp. at 17–18. As Dan Dee explained, the most significant benefit it received from the settlement—in addition to resolving *this* lawsuit—was ISR's release of Dan Dee and all related entities from any and all claims, known or unknown, filed or not, that arise from anything that happened before the agreement's effective date, including any claims that were or could have been brought in the lawsuit. SA at 6. By filing a subsequent lawsuit alleging claims against Dan Dee that occurred "throughout the agreement term" between the parties in 2021, SA at 31, ISR is breaching its main, contractually agreed-upon duties under the Release and Settlement Agreement, seemingly treating the one-letter-different URL as somehow "discharg[ing ISR] from [its] duty to perform" under the contract, *Dragon Constr., Inc. v. Parkway Bank & Tr.*, 287 Ill. App. 3d 29, 33, 222 Ill. Dec. 648, 678 N.E.2d 55 (1997). In other words, the subsequent lawsuit is evidence that ISR has treated a minor, immaterial difference between the agreement and what it received as eradicating the benefits Dan Dee should

be receiving under the parties' settlement, creating the sort of forfeiture that Illinois law seeks to avoid in determining the materiality of a breach.

Finally, ISR's reliance on *Rubloff CB Machesney, LLC v. World Novelties, Inc.*, 363 Ill. App. 3d 558, 300 Ill. Dec. 464, 844 N.E.2d 462 (2006), Resp. at 18–21, misses the point. Dan Dee never argued that reversal is warranted because the district court and magistrate failed to "explicitly march through each factor identified in Rubloff." Resp. at 18. Dan Dee argued that the court accepted ISR's unsupported assertions without evaluating the considerations Illinois law requires for materiality. Br. at 26–27. A court abuses its discretion when it "fails to consider an essential factor" or applies the wrong legal standard. *Kruger v. Apfel*, 214 F.3d 784, 786 (7th Cir. 2000); *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020). That failure—not the absence of a "formal checklist analysis," Resp. at 18—justifies reversal. In any event, *Rubloff* itself requires courts to assess the "particular facts" of each case under the Restatement (Second) of Contracts' "several factors." 363 Ill. App. 3d at 564–65. The district court failed to do so, and ISR repeats that error here.

ISR's limited analysis of the *Rubloff* factors, Resp. at 19–21, do not support a finding of materiality. ISR does not address the fourth and fifth

factors, and its arguments on the others come up short. On the first factor, ISR was not "deprived to a large extent of the benefit that plaintiff reasonably expected." *Rubloff*, 363 Ill. App. 3d at 565. The settlement agreement was not a contract for the sole purpose of transferring an internet domain. Rather, it was a multifaceted agreement that provided ISR a substantial cash sum and numerous items of intellectual property and inventory. SA at 5. ISR received the money. It received the intellectual property and inventory. And it was offered a nearly identical domain and a check to cover the costs of converting or replacing the materials it had that listed the original domain. Put differently, ISR received—or was offered and turned down—everything it needed to proceed with the star-registry-and-stuffed-animal venture the parties had initially intended to execute jointly. No deprivation occurred, must less one that erased "a large extent of the benefit" that ISR "reasonably expected." *Rubloff*, 363 Ill. App. 3d at 565.

ISR's analysis of the second *Rubloff* factor is similarly incorrect. *See* Resp. at 20–21. ISR claims, in *ipse dixit*, that "[a] substitute domain or additional funds could not replicate ownership of a unique digital asset that served as the authentication and redemption mechanism for ISR's product." *Id.* But nowhere does ISR explain why that would be so. Rather, Dan Dee

already provided to ISR "updated artwork (including an updated QR code) corresponding to [the new, equivalent] URL," as well as several thousand dollars to cover any costs for swapping out old packaging for new to conform to the new website and URL, thereby placing ISR "in exactly the same position the parties contemplated by the settlement agreement." SA at 12. In this manner, there is *no* "uncertainty caused by [Dan Dee]'s conduct," *Rubloff*, 363 Ill. App. 3d at 565, and Dan Dee's offer to ISR fully cured the domain issue and adequately compensated ISR.

Finally, ISR's only arguments on *Rubloff*'s third factor—whether finding a material breach will result in Dan Dee's forfeiture of its bargained-for rights—rely on a framing of the materiality test found nowhere in the court's decision. *See* Resp. at 19. ISR does not deny that Dan Dee was "deprived of a bargained-for benefit"; instead, it merely claims that such a forfeiture is okay because it was not based upon "an unforeseen technicality." *Id.* Indeed, Illinois courts analyze and consider the effect of forfeiture to the breaching party even when the breaching party willfully failed to comply with a contract term. *See CC Disposal, Inc. v. Veolia ES Valley View Landfill, Inc.*, 406 Ill. App. 3d 783, 791, 351 Ill. Dec. 641, 952 N.E.2d 14 (2010) (noting that the "[d]efendant will suffer forfeiture of its contract with

plaintiff" based on the defendant's affirmative decision to close its business on Saturdays in contravention of a contract term requiring it to be open). Even though ISR has retained all of the benefits it received under the Release and Settlement Agreement, its filing of subsequent litigation in circumvention of the parties' Release and Settlement Agreement threatens to render worthless the main benefit Dan Dee received from that agreement. Thus, the forfeiture element supports reversal too.

## CONCLUSION

The Court should vacate the district court's judgment and remand with instructions to deny the motion to enforce and dismiss the case.

March 24, 2026

Respectfully submitted,

*/s/ Sean T.H. Dutton*

Rex W. Manning
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000

John P. Del Monaco
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

Sean T.H. Dutton
KIENBAUM HARDY
VIVIANO PELTON & FORREST PLC
280 N. Old Woodward Ave.
Birmingham, MI 48009
Telephone: (248) 227-0000

Kelli M. Mulder
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above appellate brief was filed electronically on March 24, 2026, and will therefore be served electronically upon all counsel.

*/s/ Sean T.H. Dutton*

Sean T.H. Dutton

**CERTFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g), I certify the following:

The foregoing brief complies with Fed. R. App. P. 32(a)(7)(B) and (C) and Circuit Rule 32(c) because it contains 2,489 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

The brief also complies with the typeface and style requirements of Fed. R. App. P. 32(a)(5) and (6) and Circuit Rule 32(b) because it has been prepared in a proportionally spaced, Roman style typeface of 14 points or more.

*/s/ Sean T.H. Dutton*
Sean T.H. Dutton